UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elisdani M., | Civ. No. 26-3777 (PAM/DLM) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Eric Tollefson; David Easterwood; Todd M. Lyons; Markwayne Mullin; and Todd Blanche, | |
| Respondents. | |

This matter is before the Court on Elisdani M.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] (Pet. (Docket No. 1).) For the reasons discussed below, the Court denies the Petition.

This is the second habeas corpus proceeding initiated in recent months by Petitioner. In the first proceeding, Petitioner—who is currently detained pending the adjudication of his appeal to the Board of Immigration Appeals of an order of removal entered against him—argued that he was entitled to a bond hearing to determine if he should be released from detention pending the outcome of that appeal. See Elisdani M. v. Officer in Charge, Civ. No. 26-2825 (PAM/DLM) (D. Minn. filed June 2, 2026). In an Order denying the habeas petition, the Court concluded that Petitioner was subject to mandatory detention pursuant to both 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(c) pending final adjudication of

[1] Pursuant to this District's policy in immigration cases, the Court identifies Petitioner only by his first name and last initial.

his removal proceedings and that Petitioner did not have a constitutional due process right to a bond hearing. See id. Docket No. 9. Petitioner did not appeal that Order.

In the petition for a writ of habeas corpus now before the Court, Petitioner presents two claims for relief. First, he argues that his detention pending the adjudication of the removal proceedings has gone on for too long and that this extended period of detention amounts to a violation of his due process rights. Second, Petitioner argues that he has been incorrectly classified as an "Arriving Alien" when he had previously been granted humanitarian parole. (See Pet. at 7.)

Petitioner's instant petition is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2] As a result of that review, this Court concludes that the habeas petition is denied and this matter dismissed.

Petitioner's first claim for relief—that his detention pending removal proceedings has been carried out for too long and thus violates his due process rights—is squarely foreclosed by case law controlling on this Court. See Banyee v. Garland, 115 F.4th 928, 931-33 (8th Cir. 2024). It is true that a detainee who has been held in detention for too long after his or her order of removal has become administratively final may seek relief from that detention if removal does not appear to be reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678, 699-700 (2001). But Petitioner, by his own admission, is not yet subject to an administratively final order of removal. (See Pet. at 7 (stating that

[2] The habeas petition is not brought under 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the petition. See Rule 1(b).

"Petitioner filed a timely administrative appeal . . . which remains pending.").) The six-month detention "clock" recognized by Zadvydas therefore has not yet begun in Petitioner's case to run, and Petitioner cannot succeed on a due process claim predicated on the length of his detention.[3] Because Banyee forecloses Petitioner's claim for relief, ground one of the habeas petition is denied.

Petitioner's second claim for relief mirrors a claim raised in his first habeas proceeding. According to Petitioner, the government has misclassified him as an "Arriving Alien," when in fact he was granted humanitarian parole. (See Pet. at 7.) He asserts that this humanitarian parole was not scheduled to expire until August 29, 2026—that is, after Petitioner had been detained and ordered removed from the United States (and after Petitioner had filed this habeas proceeding). (See id. Ex. 1, at 2.) Had the government treated him as a "valid parolee," argues Petitioner, then the government would have been required to afford him a bond hearing consistent with 8 U.S.C. § 1226(a). (See id.)

This argument fails. First, as explained in the order denying Petitioner's first habeas corpus petition, whether the grant or denial of parole is irrelevant to whether Petitioner is an "arriving alien" for purposes of the relevant statutes, including § 1225(b)(1). See Elisdani M., Civ. No. 26-2825 (PAM/DLM), Docket No. 9, at 3. Second, although Petitioner had been granted parole until August 29, 2026, that parole period was later shortened to April 24, 2026, meaning that period of parole had expired by the time that

[3] Even if the Zadvydas framework did apply to this case, Petitioner has been detained pending removal proceedings for less than the six months that Zadvydas determined to be presumptively lawful.

Petitioner's detention pending removal proceedings had begun on May 20, 2026. See id. Docket Nos. 6-5, 6-1 at 1 (I-200 Warrant of Arrest). By all indications, then, Petitioner was lawfully subject to expedited removal proceedings pursuant to § 1225(b) at the time those removal proceedings commenced, and he was subject to mandatory detention under § 1225(b) during the pendency of those removal proceedings—just as the Court concluded when Petitioner's first habeas corpus petition was denied. Nothing relevant has changed in the meantime.

Because Petitioner has not pleaded a viable claim for habeas relief, the habeas petition is denied and this matter dismissed. Petitioner's pending application to proceed in forma pauperis is also denied. See Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Similarly, Petitioner's request for an injunction barring his transfer out of the State of Minnesota as this habeas proceeding is prosecuted is denied on the grounds that the relief sought by Petitioner—a restriction on transfer so that Petitioner may prosecute his claims on habeas relief without interference—is no longer be relevant.

Finally, Petitioner has requested that counsel be appointed to represent him in this matter. (Docket No. 5.) A habeas corpus petitioner is not entitled to appointment of counsel, see McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), but a federal district court does have the discretion to appoint counsel in habeas corpus proceedings if doing so is in the interests of justice, see 18 U.S.C. § 3006A(a)(2)(B). The Court has reviewed the habeas petition, the attached exhibits, and each of the documents submitted as part of Petitioner's earlier habeas corpus proceeding. Based on that review, this Court concludes that it is doubtful that the appointment of counsel would prove materially beneficial to

either Petitioner or the Court, whether with respect to the claims actually raised by Petitioner in this matter or with respect to any potential claims that have not yet been raised either with respect to this proceeding or the earlier proceeding. Petitioner's Motion for appointment of counsel is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The petition for a writ of habeas corpus of Petitioner Elisdani M. (Docket No. 1) is **DENIED**;
2. Petitioner's Motion for appointment of counsel (Docket No. 2) is **DENIED**;
3. Petitioner's Motion to prevent transfer (Docket No. 4) is **DENIED**;
4. Petitioner's Motion to appoint counsel (Docket No. 5) is **DENIED**; and
5. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 7, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge